**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**JOSEPH R. DULANEY**                                                                              **PLAINTIFF**

**V.**                                                              **CAUSE NO.: 2:07-CV-163-M-A**

**SAFECO INSURANCE COMPANY OF
ILLINOIS**                                                                      **DEFENDANT**

## **ORDER**

With regard to the motions in limine pending before it, the court rules as follows:

Defendant Safeco's motion to exclude [40-1] any proof or testimony regarding Dr. Patrick Curlee's opinions regarding the likelihood of surgery or his estimate of future medical bills is denied. Dr. Curlee is expected to testify that he has recommended a microdiskectomy to treat Mr. Dulaney's back condition, and he is expected to provide estimates regarding the costs of this procedure. In the court's view, the fact that there are uncertainties relating to plaintiff's optimal treatment does not constitute a sufficient basis to limit the testimony of Dr. Curlee in the manner sought by defendant. In the court's view, jury instructions which clearly set forth the proper causation standard and burden of proof, along with arguments raised in this context by defendant, will serve to adequately protect defendant's rights in this regard.

Defendant's motion in limine [50-1] to preclude plaintiff from calling defendant's corporate representative as a witness at trial is denied. Plaintiff seeks to call this witness to answer for defendant's refusal to offer "any more than a nominal amount for the severe disk injury he incurred" and "provide the jury with the specific reasons for denying Mr. Dulaney's

claim." The court denies this motion in limine with the caveat that it will limit the questioning of the corporate representative to factual matters regarding the handling of plaintiff's claim which are in the personal knowledge of the witness. Moreover, the court will not permit plaintiff's counsel to seek to inflame the jury through his questioning of the representative, and counsel will be given rather narrow latitude to question the witness in this context. With this caveat, the motion in limine is denied.

So ordered, this the 31st day of August, 2009.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**